## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CAPITAL ) <br> REVITALIZATION CORPORATION ) <br> 2025 M Street, N.W. ) <br> Suite 600 ) <br> Washington, D.C. 20036 ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> 0.03 ACRES OF LAND IN ) <br> THE DISTRICT OF COLUMBIA ) <br> (2838 ALABAMA AVENUE, S.E.) ) <br> ) <br> and ) <br> ) <br> SAMUEL N. FRANCO ) <br> 2834 Alabama Avenue, S.E. ) <br> Washington, D.C. 20020 ) <br> ) <br> and ) <br> ) <br> NATIONAL BANK OF WASHINGTON ) <br> c/o PNC Bank National Association ) <br> 1919 Pennsylvania Avenue, N.W. ) <br> Washington, D.C. 20006 ) <br> ) <br> and ) <br> ) <br> UNKNOWN OWNERS ) <br> ) <br> **Defendants.** ) | Civil Action No. 1:05cv01603 (RMU) <br><br><br><br> ACTION INVOLVING <br> REAL PROPERTY |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff National Capital Revitalization Corporation ("NCRC"), by and through its undersigned counsel, hereby moves to remand this case to the Superior Court of the District of Columbia on the grounds that (1) Defendant Samuel N. Franco waived his right to seek removal

by affirmatively asserting the jurisdiction of the Superior Court of the District of Columbia through the filing of a counterclaim; (2) not all defendants timely joined in Mr. Franco's removal of this action; and (3) this case is dominated by issues of state law and should be decided by the Superior Court of the District of Columbia.    The grounds for this motion are more fully discussed in the attached Memorandum of Points and Authorities.

In accordance with Local Rule 7(m), the undersigned counsel states that he conferred with Defendant's counsel and the motion is opposed.

Dated: August 31, 2005                    Respectfully submitted,

                                          HOLLAND & KNIGHT LLP

                                          By: _____
                                          Paul J. Kiernan,  D.C. Bar No. 385627

                                          By: _____
                                          Lynn E. Calkins, D.C. Bar No. 445854
                                          2099 Pennsylvania Avenue, N.W.
                                          Suite 100
                                          Washington, D.C. 20006
                                          Phone: (202) 955-3000
                                          Facsimile: (202) 955-5564

                                          *Counsel for The National Capital
                                          Revitalization Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CAPITAL REVITALIZATION CORPORATION, )<br>)<br>) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:05cv01603 (RMU) |
| 0.03 ACRES OF LAND IN THE DISTRICT OF COLUMBIA (2838 ALABAMA AVENUE, S.E.) and SAMUEL N. FRANCO and NATIONAL BANK OF WASHINGTON and UNKNOWN OWNERS, )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

### STATEMENT OF FACTS

On July 8, 2005, in the Superior Court for the District of Columbia, NCRC filed six complaints for the condemnation of various parcels of land in connection with the "Skyland Project," which is a carefully considered development plan designed (a) to serve a public purpose and to eliminate blighted and hazardous conditions that exist in the area and (b) to replace the property's haphazard layout and dilapidated conditions with amenities that the community has sought for years. Condemnation of the parcels for the Skyland Project has been specifically authorized by the City Council for the District of Columbia. See D.C. Official Code, § 2-1219.19(c)(1) (2005).

One of the six cases involves 0.03 acres of land located at 2838 Alabama Avenue, S.E., owned by Samuel N. Franco and on which National Bank of Washington (through its successor entity PNC Bank) had a record lien.

On July 19, 2005, counsel for Defendant Franco agreed to accept service of the condemnation action on his client's behalf.

On August 8, 2005, Mr. Franco filed an answer containing seven defenses as well as five counterclaims seeking affirmative relief against the plaintiff. See Answer and Counterclaim of Defendant Samuel N. Franco to Amended Complaint, attached as Exhibit A. Mr. Franco asked the Superior Court to dismiss the complaint with prejudice (see id. at p.31), for a declaratory judgment that the Skyland Legislation is unconstitutional and in violation of the Takings Clause, the Due Process Clause, and the D.C. Home Rule Act (see id. at p.31-2), and "temporary, preliminary, and permanent injunctions against NCRC enjoining and restraining it from taking any action to implement the Skyland Legislation or to acquire the Property, the Combined Property or any property interests in the Skyland Site or to otherwise take any action in furtherance of the Skyland Project, and affirmatively requiring NCRC to restore the *status quo ante* with regard to the ownership of the Skyland Site". Id. at p.32.

On August 11, 2005, Defendant Franco filed a Notice of Removal with this Court seeking to divest the Superior Court of the District of Columbia of jurisdiction over this suit. Defendant Franco based his removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Notice of Removal did not contain the written consent of defendant National Bank of Washington which had been served on July 15, 2005, through its successor in interest, PNC Bank National Association ("PNC Bank"), See Affidavit of Service, attached hereto as Exhibit B.

## **ARGUMENT**

**I.    This Case Should Be Remanded As A Result of Defendant Franco's Affirmative Conduct In the Superior Court Action.**

It is well-established that a party who engages in substantial action in the state court action waives his right to remove because he has shown a willingness to litigate in state court. Filing a counterclaim is such a "substantial action." See 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (3d ed. 1998) ("a state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing notice of removal with the federal court, such as asserting a counterclaim or engaging in pretrial discovery").

Mr. Franco's filing of a counterclaim in the Superior Court of the District of Columbia, seeking affirmative relief, demonstrates his willingness to submit to state court jurisdiction. See Knudsen v. Samuels, 715 F. Supp. 1505, 1506 (D. Kan. 1989) (noting that one who seeks affirmative relief from state court invokes and submits to the jurisdiction of the state court).

Defendant's filing of the counterclaims was strictly voluntary, indicating his willingness to submit to local court jurisdiction and waiving his right to remove to federal court. Where the defendant's actions are not mandated by the rules of the court, the defendant waives his right to remove the case to federal court. See 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (3d ed. 1998) (noting that waiver can occur when the defendant's participation in the state action has not been dictated by the rules of that court or a judge).

While the rules of procedure provide for filing an answer or an appearance in a condemnation action, the rules do not allow – much less mandate – that a defendant file counterclaims in a condemnation action.  Under both District and federal procedures, a

3

counterclaim is not an allowable pleading in a condemnation case. <u>See</u> Rule 71A (noting that "if a defendant has any objection or defense to the taking of the property, the defendant shall serve an answer within 20 days after the service of notice upon the defendant.... <u>No other pleading or motion asserting any additional defense or objection shall be allowed</u>").  "The rule's prohibition of any pleading other than an answer is clear and unequivocal." <u>See</u> <u>Atlantic Seaboard Corp. v. Van Sterkenburg</u>, 318 F.2d 455, 458 (4th Cir. 1963).

In line with the rule's compulsory language, federal courts have consistently held that a defendant in a condemnation action cannot file a counterclaim or any other type of pleading or motion.  <u>See</u> <u>United States v. 1.58 Acres of Land</u>, 523 F. Supp. 120, 122 (D. Mass. 1981) (dismissing defendant's counterclaim and request for declaratory relief "since the only pleading permitted in response to a complaint in condemnation is an answer"); <u>see</u> <u>also</u> <u>Maun v. United States</u>, 347 F.2d 970, 973 (9th Cir. 1965) (holding "the only response which a defendant may make to a complaint in condemnation filed in a district court is an answer"); <u>Atlantic Seaboard Corp.</u>, 318 F.2d at 458 (declining to consider the merits of a motion for more definite statement or a motion to dismiss because "they were not allowable pleadings").

Notwithstanding Rule 71A's unequivocal language, Mr. Franco nonetheless filed counterclaims on his own volition invoking the Superior Court's jurisdiction and waiving his right to remove.[1]  The case should be remanded to Superior Court for that Court to resolve the substance of Mr. Franco's defenses and objections to the condemnation.

---

[1] NCRC also notes that the D.C. Code specifically identifies the Superior Court of the District of Columbia as the forum for condemnation cases brought under <u>D.C. Official Code</u> § 16-1311 (2005) (as here) and distinguishes that from condemnation cases in which this Court has jurisdiction because property is being taken for use by the federal government. <u>D.C. Official Code</u> § 16-1352 (2005).

**II.    This Case Should Be Remanded Because Not All Defendants Timely Joined in the Request for Removal.**

The federal removal statute, 28 U.S.C. § 1446, requires that a "defendant or defendants" file a notice of removal "within thirty days after receipt by the defendant…of a copy of the initial pleading." 28 U.S.C. §§ 1446 (a) and (b). This language requires each defendant to express "unambiguous and independent" consent to the removal. Williams v. Howard University, 984 F. Supp. 27, 29 (D.D.C. 1997). "Unless all defendants express such consent to removal in a timely manner, the removal procedure is defective." Id. (emphasis added). This Court is obligated to give removal statutes such as 28 U.S.C. § 1446 a strict construction. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-109 (1941)). See also Unicom Sys., Inc. v. National Louis Univ., 262 F. Supp. 2d 638, 640 (E.D. Va. 2003) (collecting cases discussing requirement for unanimous timely consent to removal by all defendants).

Defendant PNC Bank has not filed a notice of removal or otherwise expressed its consent to the notice filed by Defendant Franco within the 30 days following service on it of the Complaint on July 15, 2005. It cannot now timely consent to the removal, even if it did consent.

Because Defendant Franco failed to obtain unanimous consent for his removal petition from each of the defendants served in this matter and therefore is not in compliance with 28 U.S.C. § 1446, this Court should remand this case to the Superior Court of the District of Columbia. See Williams, 984 F. Supp. at 30 (ordering remand when unanimous consent to removal was not obtained).

**III.    Because this Case Is Dominated By Issues Of Local Law, the Court Should Abstain.**

Even if Defendant Franco had complied with the strict requirements of the removal statute, this case would still be properly remanded because it is predominated by issues of local law and policy that should be decided by the Superior Court of the District of Columbia. This

5

action is one of six lawsuits filed by NCRC regarding a single project in Ward 7. NCRC has been expressly authorized to acquire Mr. Franco's property and to exercise eminent domain to do so if necessary.[2]  See D.C. Official Code, § 2-1219.19(c) (2005).

First, when, as here, there exists a state or local regulatory scheme concerning important matters of state or local policy and adequate judicial review is available at the state level, federal courts have consistently declined jurisdiction under the Burford abstention doctrine. See Burford v. Sun Oil Co., 319 U.S. 315 (1945). The federalism concerns that spawned the Burford doctrine are at their zenith when questions of local land use are at issue, as they are in this case. Specifically, "cases involving questions of state and local land use and zoning law are a classic example of situations in which the exercise of federal review…would be disruptive of state efforts to establish a coherent policy." Pomponio v. Fauquier County Bd. of Supervisors, 21 F.3d 1319, 1327 (4th Cir. 1994), overruled in part on other grounds Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996).

This case is akin to that presented to the Fourth Circuit's Pomponio decision. In Pomponio, a real estate developer brought a 42 U.S.C. § 1983 action in against the Planning Commission of Fauquier County after the planning commission denied his subdivision plan. The district court dismissed his claim pursuant to the Burford doctrine, and the developer appealed. The Fourth Circuit instructed that "absent exceptional circumstances…the district courts should

---

[2] Normally, the issue of diversity does not arise in an eminent domain action because the condemning authority is a state or subdivision thereof and the state would not be deemed a "citizen" for diversity purposes. Here, if the District of Columbia were the condemning authority, it would not be deemed a citizen for diversity purposes. NCRC is an independent instrumentality of the District of Columbia (the "District"), which was established in 1998 to "effectuate public purposes" including, but not limited to, "retain[ing] and expand[ing] businesses located within the District, attract[ing] new businesses to the District, and induc[ing] economic development and job creation by developing a strategic economic development plan for the District; providing incentives and assistance; removing slum and blight; and coordinating the District's efforts towards these ends." See D.C. Official Code, § 2-1219.02 (2005). While it would appear that NCRC is not the same as the District for jurisdictional analysis, NCRC submits that the policy reasons underlying the absence of federal court jurisdiction still applies.  Finally, since the action is, in part, an in rem action to determine title and the property itself is named as a defendant, it is not clear that plaintiff has satisfied the complete diversity requirement.

abstain under the <u>Burford</u> doctrine to avoid interference with the State's or locality's land use policy." <u>Pomponio</u>, 21 F.3d at 1328.

While not controlling authority, the Fourth Circuit's guidance in <u>Pomponio</u> applies with even more force in this case, which (unlike <u>Pomponio</u>) features a preponderance of local law claims. This case is one for condemnation based on District of Columbia Code provisions authorizing this exercise of eminent domain, and Mr. Franco intends to challenge aspects of those provisions, raising issues of local concern which include the D.C. Home Rule Act. <u>See Exhibit A</u>. Accordingly, this Court should avoid leaving an "indelible print on local and state land use and zoning law" and should remand this case back to the Superior Court of the District of Columbia where it belongs. <u>Pomponio</u>, 21 F.3d at 1327. <u>See also Dano Resource Recovery, Inc. v. District of Columbia</u>, Civ. A. No. 91-571 SSH, 1992 W.L. 165977 at *2 (D.D.C. Jun. 30, 1992) (finding abstention under <u>Burford</u> is appropriate where the claim presents questions of local policy and local concern, including when the D.C. Home Rule Act is at issue).

In addition to the applicability of the <u>Burford</u> doctrine, the <u>Colorado River</u> doctrine warrants this Court's abstention of jurisdiction over this case. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813-819 (1976). Under the <u>Colorado River</u> doctrine, a court can abstain from exercising its jurisdiction if "wise judicial administration" requires the action to proceed in the local forum. <u>Id.</u> at 817. To make this assessment, this Court consider a number of factors, including: "the inconvenience of the federal forum, the order in which the courts assumed jurisdiction, the desirability of avoiding piecemeal litigation, whether federal or state law controls and whether the state forum will adequately protect the interests of the parties." <u>Handy v. Shaw, Bransford, Veilleus & Roth</u>, 325 F.3d 346, 353 (D.C. Cir. 2003) (remanding to District Court to assess the <u>Colorado River</u> factors).

Here, while the federal forum is not inconvenient, all other factors favor a remand to the Superior Court of the District of Columbia. There are six cases which were filed in the Superior Court on July 8, 2005, each involving the same issues of law and fact. It is only because they concern different parcels and different owners that they are pending as separate matters. Five of those six actions still remain in the Superior Court with this case being the sole matter removed to this Court. The condemnation issues are governed by local law, and the interests of the parties will be adequately protected by the Superior Court. Having these cases pending in diverse forums with the possibility of disparate rulings of law would lead to inefficient judicial administration. See also JMM Corp. v. District of Columbia, 378 F.3d 1117 (D.C. Cir. 2004) (*Younger* abstention appropriate in light of pending administrative and judicial proceedings in Superior Court and before District agencies).

## CONCLUSION

For the foregoing reasons, Plaintiff NCRC requests this Court to remand the action to the Superior Court of the District of Columbia.

Dated: August 31, 2005                    Respectfully submitted,

                                          HOLLAND & KNIGHT LLP

                                          By: _____
                                               Paul J. Kiernan, D.C. Bar No. 385627

                                          By: _____
                                               Lynn E. Calkins, D.C. Bar No. 445854
                                               2099 Pennsylvania Avenue, N.W.
                                               Suite 100
                                               Washington, D.C. 20006
                                               Phone: (202) 955-3000
                                               Facsimile: (202) 955-5564

                                          *Counsel for The National Capital*
                                          *Revitalization Corporation*

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by first class mail, postage prepared on this

31st day of August, 2005 upon:

> PNC Bank National Association
> c/o Barbara S. Liester
> 1919 Pennsylvania Avenue, N.W.
> Washington, D.C. 20006

Lynn E. Calkins

# 3180705_v3