UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL CAPITAL REVITALIZATION CORPORATION, | : : | |
| Plaintiff, | : : | Civil No. 1:05cv01603 (RMU) |
| v. | : : : | ACTION INVOLVING REAL PROPERTY |
| 0.03 ACRES OF LAND IN THE DISTRICT OF COLUMBIA (2838 Alabama Avenue, S.E.) | : : : : | ORAL HEARING REQUESTED |
| and | : : | |
| SAMUEL N. FRANCO, et. al., Defendants. | : : | |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Samuel N. Franco ("Franco") by his counsel opposes plaintiff's motion to remand this case to the Superior Court of the District of Columbia.

The grounds for this opposition are that (1) defendant Franco has not waived his right to seek removal by pleading counterclaims in this action, (2) the consent of defendant PNC Bank as successor in interest to National Bank of Washington ("PNC") is not required because said defendant has no interest in the property or the action and is, at best, a nominal defendant, and (3) the principal issue in this case arises under the Takings Clause of the Fifth Amendment of the U.S. Constitution, and this Court ought not abstain if this action is not remanded.

ARGUMENT

1. Defendant Franco has not waived his right to remove this action by pleading counterclaims in response to the complaint in this action.

Plaintiff argues that defendant Franco filed counterclaims under his own volition together with his answer in this action despite the unequivocal language of SCR-Civil Rule 71A, which

governs the procedure in this action, and hence waived his right to remove this action. This charge is incorrect, and defendant Franco has not waived his right to remove this action. Defendant Franco pled those counterclaims together with his answer based on his counsel's belief that they had to be pled as compulsory counterclaims in accordance with SCR-CIVIL Rules 13(a) and 71A. The counterclaims are compulsory counterclaims as described in Rule 13(a), but that Rule also states that a pleader need not state those claims under certain circumstances, one of which is if at the time the action commenced the claims were the subject of another pending action.

      Rule 71A(a) states that the Superior Court Rules of Civil Procedure govern the procedure in this case except as otherwise provided in this Rule. Rule 71A(e) says in relevant part that a defendant may either file a notice of appearance or an answer in which he raises all his objections and defenses to the taking of the property, and that he "waives all defenses and objections not so presented". Rule 71A(e) further provides in part that "No other pleading or motion asserting any additional defense or objection shall be allowed." Counsel for defendant Franco believed at the time of preparing his pleading that Rule 71A(e) required defendant Franco to plead the counterclaims as well as the answer.

      Counsel to defendant Franco mistakenly and impermissibly set forth as counterclaims six claims which amplified the affirmative defenses in defendant's answer, and sought affirmative relief by way of injunction and damages, forgetting, at the time, the limitations in Rule 13(a)(1) and Rule 71A(e). However, since said counterclaims are not allowable as a pleading in this action, they are of no legal force or effect and are subject to be stricken by motion or dismissed without prejudice by order of the Court.

In <u>Kansas Pipeline Company v. A 200 Foot by 250 Foot Piece of Land, Located in Section 6, Southwest Quarter, Township 32 South Range 10 West, County of Barber, State of Kansas</u>, 210 F. Supp. 2d 1253, 1258 (D. Kan 2002), defendant property owners brought counterclaims for trespass and damage in a federal eminent domain proceeding brought against them governed by Rule 71A.  The court noting the last sentence of Rule 71A(e), said "The last sentence of section (e) stated, 'No other pleading or motion asserting any additional defense or objection shall be allowed.'  In other words, counterclaims are not permitted." citing <u>Wash. Metro. Area Transit Auth. v. Precision Small Engines</u>, 227 F. 3d 224, 228 n.2 (4 Cir. 2000); 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3048 (2d Ed. 1987).  The court held that the property owners must file their counterclaims in a separate action, and dismissed them without prejudice.  The circumstances here are comparable, and the impermissibly pleaded counterclaims are subject to dismissal without prejudice.  Alternatively, the Court may strike the counterclaims.  See <u>Maun v. United States</u>, 347 F. 2d 970, 973 (9 Cir. 1965).

The instances in which courts have held that a defendant waived its right to remove by pleading a counterclaim all involved actions in which the defendant pleaded a permissive counterclaim and could try its counterclaim in the action in the state court.  For example, <u>Knudsen v. Samuels</u>, 715 F. Supp. 1505 (D. Kans. 1989) (relied on by plaintiff, Plaintiff's Memorandum at 3) involved the filing of a third party petition in the state court action.  The court cited instances where the filing of a permissive counterclaim or cross-claim constituted a waiver of the right to remove.  Here, by contrast, the counterclaims pled by defendant are simply not permitted to be pled under Rule 71A(e).  Defendant Franco contends that the counterclaims are

not permissive counterclaims but are compulsory counterclaims, notwithstanding the fact they did not have to be pled under Rule 13(a)(1). Permissive counterclaims are separately described and defined under Rule 13(b). Given the fact that the counterclaims pled here fit the description of compulsory counterclaims under Rule 13(a) and not the description of permissive counterclaims under Rule 13(b), they are still compulsory counterclaims despite the factthat they do not have to be pled by virtue of Rule 13(a)(1)

    Thus, defendant's pleading of the counterclaims was not voluntary, and it was a futility. He will not have any opportunity to litigate those counterclaims in this action whether or not this action is remanded, and the legal effect is the same as if the counterclaims had not been pled. Plaintiff has not been prejudiced by the pleading of those counterclaims which the Court may order dismissed or struck. Defendant Franco has consistently evidenced his intent to litigate this action as well as the companion action before this Court, <u>Franco v. District of Columbia</u>, Civil No. 1:05-cv-0158 (RMU), and maintains that intent.

    Although no case exactly on point has been found, in view of the futility of the counterclaims pleading under Rule 71A, the fact that it contained compulsory counterclaims, and the other foregoing considerations, defendant cannot be deemed to have elected to submit himself to the state court's jurisdiction and to have waived his right to remove the action.

    (2) <u>Defendant PNC's consent to the removal of this action is not required because it is has no interest in this action or in the property which is the subject of this action, and is, at best, a nominal defendant.</u>

    Plaintiff asserts in its Memorandum at 2 that PNC holds a record lien on the property that is the subject of this action, and that presumably is the basis for it being named as a party

defendant. However, a recent search of the D.C. land records by a title company shows that PNC did not hold a lien on the property on the date of the commencement of this action, and that there were no liens on the property as of that date. See Affirmation of Ralph Werner dated September 15, 2005, Exhibit 1. Further, as the attached affidavit of defendant Samuel N. Franco shows, PNC's predecessor in interest was granted a chattel lien on certain personal and intangible property of D Mart, Inc. in 1988, and released this lien and terminated its security interest in such property in May, 1994. See Affidavit of Samuel N. Franco dated September 14, 2005 and its attached exhibits. Finally, PNC has itself stated in a letter dated September 12, 2005 to defendant Franco's counsel that it could not find any record of the loan, and wishes to be removed from any further involvement in this action. See Affirmation of Ralph Werner, *supra.*, Exhibit 2. Thus, PNC has no interest in the property and is not a proper party defendant to this action. Under 28 U.S.C. §1441(b) only defendants who have an interest and are properly served are considered for purpose of determining removability of actions. Hence, PNC 's consent is not required to the removal of this action.[1]

The law is clear that nominal or formal defendants need not join in or consent to the petition for removal. See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349, 427 F.2d 325, 327 (5 Cir. 1970), Balazik v. County of Dauphin, 44 F. 3d 209, 213 n.4 (3 Cir. 1995), Williams v. Howard University, 984 F. Supp. 27, 30 n. 5 (D.D.C.

---

[1]Plaintiff's suggestion that NCRC, although not the same as the District of Columbia, should for policy reasons be treated like the District and t not be considered a "citizen" for diversity purposes (Plaintiff's Memorandum at 6, n. 2) is mistaken, and lacks support. Since plaintiff is a separate corporate entity, with separate control, and its obligations are not those of the District, it cannot be deemed the District for diversity purposes. See Krieger v. The Trane Company, 765 F. Supp. 756, 758 (D.D.C. 1991)  Plaintiff's further suggestion in that since the property is named as a defendant in the action there is not complete diversity of citizenship is also baseless. By the express language of 28 U.S.C. §1332, only parties who are citizens of different states are considered for purposes of determining diversity. Since, the property is not a "citizen" of a state, it is not considered.

5

1997).  See, also, Sentry Marketing, Inc. v. Unisource Worldwide, Inc., 42 F. Supp. 2d 188, 191-92 (N.D.N.Y. 1999), citing Still v. DeBuono, 927 F. Supp. 125, 129 (S.D.N.Y.), aff'd 101 F. 3d 888 (2 Cir. 1996).  "A party is 'nominal' when that party has little or no interest in the outcome of the litigation and no cause of action or claim for relief is or could be stated against it." (Citations omitted). id.  In Sentry Marketing, the court noted that several courts have held that the test of whether or not a named defendant is a nominal party is if 'his role in the law suit is that of a depositary or stakeholder...', citing Tri-Cities, *supra.*, and other cases. id.  In Tri-States, the court defined nominal or formal defendants as being neither necessary or indispensible , and said that "'The ultimate test of whether the ...defendants are...indispensible parties...is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff.'" citing Stonybrook Tenants Association v. Alpert 194 F. Supp. 552, 559 (D. Conn. 1961).   Upon the facts in this actions, it is clear that neither NBW nor its successor, PNC Bank has an interest in the outcome of this action, and that plaintiff would not be prejudiced at all by the failure of NBW or its successor to be party to this action.

      The cases relied upon by plaintiff on this issue all concede this exception to the unanimity rule.  See Williams v. Howard University, *supra.*, Unicom Systems, Inc. v. National Louis University, 262 F. Supp. 2d 638, 641 n. 3 (E.D. VA 2003)

      Defendant Franco stated in his notice of removal that defendant PNC did not have any interest in this action.  It is abundantly clear from the affidavit of defendant Franco and a recent search of the land records (see Affirmation of Ralph Werner) that there were no liens on the property as of the commencement of this action.  Defendant Franco's affidavit shows that

between 1988-1994, NBW held a chattel lien on the property of D Mart, Inc., which is not a party to the instant action. Whether or not such lien could properly be asserted against the property that is the subject of this action, the fact is that NBW's interest in that collateral and that lien terminated in 1994, more than 11 years before the commencement of this action. Thus, as of the commencement of this action, neither NBW, nor its successors in interest, had any personal interest in the outcome of this litigation, and should not have been joined as a party defendant.

It is also clear, that even if NBW's successor could be joined as a party defendant, it is at most, a formal or nominal party, having no interest whatsoever in the property or the outcome of this litigation. See also, Birnbaum v. SL&B Optical Centers, Inc., 905 F. Supp. 267, 271 (D. MD 1995). Finally, since plaintiff did not assert in its complaint that NBW or its successor in interest had any interest in the property, and did not seek any relief against them, and the facts as shown by defendant are that neither NBW nor its successors had any such interest, it may also be concluded that plaintiff lacks any reasonable basis for stating a claim or seeking relief against them. It may thus be concluded that there is no reasonable basis for including PNC as a party defendant, and that it was improperly joined as a defendant herein. See Woods v. Firestone Tire and Rubber Co., 560 F. Supp. 588, 591 (S.D. FL 1983).

Therefore, under any one or more of the foregoing bases, the joinder of PNC as successor to NBW in, or its consent to, the petition for removal was not required.

If there is any remaining question regarding the status of PNC as a defendant in this action, defendant Franco requests that the Court conduct an evidentiary hearing on that issue. See In re Business Men's Assurance Co. Of America, 992 F. 2d 181 (8 Cir. 1993). The Court is not limited to the allegations of the complaint on this issue. See Table Talk Pies of Westchester

v. Straus, 237 F. Supp. 514 (D.N.Y. 1964).  It may also consider affidavits on the issue.  Miller v. PPG Industries, Inc. 237 F. Supp. 2d 756 (W.D. KY 2002).

    3.  The Court should not abstain in this action.

> "Abstention from the exercise of federal jurisdiction is the exception, not the rule. 'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.  Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest'".

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

Plaintiff argues that this Court should abstain in this action under the Burford abstention doctrine[2], because it is "predominated by issues of local law and policy that should be decided by the Superior Court of the District of Columbia.", and because questions of local land use are at issue. Plaintiff's Memorandum at 5-6.  In support of its argument, plaintiff relies heavily on the Fourth Circuit decision in Pomponio v. Fauquier County Bd. of Supervisors, 21 F.3d 1319 (4 Cir. 1994), overruled in part on other grounds Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996), and claims the instant action is akin to that in Pomponio.

Plaintiff's citation of Dano Resource Recovery, Inc. v. District of Columbia, Civ.A. No. 91-571 SSH, 1992 U.S. Dist. Lexis 9385 (D.D.C. 1992) (Plaintiff's Memorandum at 7) in which the Burford abstention doctrine was applied to the District of Columbia is anomalous, perhaps because it was not officially reported.  Two years later, in an unrelated case, the District of Columbia Circuit stated that Burford abstention has never been applied to the District of Columbia.  District Property Associates v. District of Columbia, 743 F.2d 21, 28 n.5 (D.C. Cir.

---

[2] First stated in Burford v. Sun Oil Co., 319 U.S. 315, 318-32 (1943).

1994)  See also, Handy v. Shaw, Bransford, Veilleus & Roth, 325 F.3d 346, 352 (D.C. Cir. 2003)

Contrary to plaintiff's claims, even if the Burford abstention doctrine were applicable to this case, the facts in Pomponio are strikingly different from this case in the most salient respect. As the Fourth Circuit noted, the central issue in that case was whether the zoning ordinance was correctly construed.  Pomponio, at 1322.  Pomponio had previously brought two state court actions involving the same issues in which he did not allege any federal constitutional or statutory claims, but he voluntarily then dismissed those actions.  Only then did he commence his federal action in which he claimed, for the first time, that his federal constitutional rights of substantive and procedural due process and equal protection had been violated.  *id.* at 1323-24.

By contrast here, even though the subject of the instant case is the Skyland Legislation enacted by the Council of the District of Columbia, the gravamen of the complaint - and the central issue in this case - is that the Skyland Legislation constitutes a taking of defendant Franco's property for a non-public use in violation of the Takings Clause of the Fifth Amendment of the U.S. Constitution.  This claim does not depend at all on the proper construction of local law or the application of local public policy.  It also does not depend at all on the resolution of any difficult or unsettled questions of local law.  Resolution of this claim does not interfere with local land use policy, as was the case in Pomponio. *id.*, at 1328.  Instead, this case raises the federal constitutional taking issue as its central issue, and it is not dependent at all on resolution of the state law claims (violations of the Home Rule Act).  Hence, the litigation of this case, and defendant's companion pending case in this Court, Franco v. District of Columbia, Civil No. 1:05-cv-0158 (RMU), will not disrupt or interfere with the District's effort to formulate local land use policy or to administer its land use program.  These

considerations make this action not susceptible to abstention under Burford, even if that abstention document applied to this action.

Although defendant Franco also asserts the same violations of local law as defenses in this action, they do not present complicated or difficult issues of law, and a decision by this Court on them would not interfere with important local legal and policy considerations of the District of Columbia.  Similarly, although plaintiff has brought five other condemnation actions in Superior Court involving common issues of law and fact regarding the Skyland project, a decision in this action or in any one of those five actions would not have *res judicata* effect in any of the other actions. Conversely, the failure of this Court to rule on the local law issues in this action would also not interfere with the District's land use policy or programs or any of the other pending condemnation actions.

In sum, resolution of the local law issues in this case or in the companion case, which involve violations of the Home Rule Act and being procedural in nature are subject to correction, will not resolve the federal constitutional issues raised in either case.  If the Court were to abstain in this case or the companion case, the federal issues would remain for adjudication in this Court as reserved claims of defendant Franco (plaintiff in the companion case) under the rule stated in England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 421-22 (1964)

It is inappropriate for a federal court to abstain in an action, such as this, in which the primary issue is federal and no issue of state law had to be decided. See New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361-63 (1989).

Similarly, the Colorado River[3] abstention doctrine, on which plaintiff also relies, does not

---

[3] Colorado River Water Conservation Dist. v. United States, *supra.*,  424 U.S. 800, 817 (1976).

permit, much less mandate, abstention here.  The Colorado River doctrine, as applied in the District of Columbia, see Handy, *supra.*, 325 F.3d at 352-53, invokes considerations of sound judicial administration.  It is based on the consideration that there are concurrent state proceedings pending that warrant abstention in the federal action in the interest of federal-state relations.  In determining whether to dismiss a federal action on these grounds, a federal court should consider, at a minimum, (1) the inconvenience of the federal forum, (2) the order in which the courts assumed jurisdiction, (3) the desirability of avoiding piecemeal litigation, (4) whether federal or state law controls, and (5) whether the state forum will adequately protect the interests of the parties.  No one factor is necessarily controlling and a carefully considered judgment must be made taking into account the obligation to exercise jurisdiction and the combination of factors weighing against such exercise. Handy, *supra.* at 352-53, citing Colorado River, *supra.*, at 817-19 and other precedents. (other citations omitted).

 Plaintiff's arguments that the cumulative effect of the factors weighs in favor of abstention (Plaintiff's Memorandum at 8) fails to acknowledge certain important facts and considerations, as will be shown below.

 (1) Is the federal forum inconvenient.  Plaintiff concedes that the federal forum is not inconvenient. Plaintiff's Memorandum, at 8.

 (2) First court to assume jurisdiction. It is undisputed that defendant Franco's companion case in this Court, which was filed more than one month before this action was filed in Superior Court, is the first of the parallel cases filed.  Further, although both actions are still in the pleading phase, in the companion case before this Court the defendants' motion to dismiss the amended complaint has been fully briefed and is awaiting hearing and decision.  By contrast,

plaintiff here has until October 14th, and perhaps longer, to file a responsive pleading or motion to defendant Franco's answer and counterclaim in this case. Based on these considerations and the lack of any substantial proceedings in this case, this factor (2) weighs against abstention and in favor of this case being retained in this Court. See Handy, *supra.*, at 353.

     (3) Avoiding piecemeal litigation. First, since this removed action and its companion case pending before this Court will be tried together here, there will be no piecemeal litigation of the issues between the parties. To the contrary, if the Court abstained in either or both actions, they would be tried as separate actions, probably before different judges, in the Superior Court, and would only be litigated together if the parties sought and the Superior Court approved such a joinder of actions. The possibility, as noted above, that, in the event of abstention, defendant Franco (plaintiff in the companion case) would reserve his federal constitutional claims for trial in this Court, under England, *supra.*, raises the prospect of the continuation of piecemeal litigation. Handy instructs that where as here the parallel cases involve the same subject matter, the district court should - for judicial economy - resolve both suits in a single forum. *id.* at 350.

     Secondly, as to factor (3), abstention in either of these cases would not eliminate the piecemeal litigation of the six pending condemnation cases, which plaintiff chose to bring separately before different judges of the Superior Court when they could have all been brought in a single action before the same judge. If there are common issues of fact and law in those cases, it is puzzling why plaintiff would not seek to avoid the risk of inconsistent judgments inherent in separate actions. This factor weighs heavily against abstention.

     (4) Whether federal or state law controls. Plaintiff again ignores the important federal constitutional issues raised under the Takings Clause that are central to this action. As plaintiff's

12

motion to dismiss the complaint and amended complaint in the companion case demonstrate, the Takings Clause issue predominates in this action and in the companion action. The local law issues under the Home Rule Act raised as claims in the companion case and as defenses in this case need not be decided in order to resolve the federal law issues. They are at best procedural issues that may be corrected by future legislative action. The only issue of local law unique to this case is the valuation issue regarding the property. However, in weighing the relative importance of that issue to the constitutional claims, defendant Franco strongly argues that the latter far exceed the former in importance both in the instant action and in the companion case. This factor, too, weighs against abstention.

(5) <u>Whether the State Court will adequately protec the parties' interests</u>. As to whether the Superior Court will adequately protect the parties' interests, defendant Franco strongly disagrees with plaintiff's assessment. First, under Rule 71A[4], defendant Franco will not have an adequate opportunity to conduct discovery and will not have an opportunity to amend his pleadings in this action. Although this consideration will also obtain in the instant case if the Court does not remand this action or abstain, as plaintiff, Franco will have the opportunity to adequately conduct discovery, further amend his pleadings seek affirmative relief and otherwise try his claims in the companion case in this Court.

By contrast, if the Court abstains in both actions, and Franco is relegated to the Superior Court, if he does not elect to reserve his federal claims, he will have to commence a separate action in Superior Court to replace the companion action, and try to have that case assigned to

---

[4] The federal and District versions of Rule 71A are substantively the same and are considered the same in this memorandum.

and tried by the same judge who is assigned the condemnation action.  Without such assured joinder and assignment, Franco risks denial of an opportunity to fully and fairly try all his issues against plaintiff and the District of Columbia in the Superior Court, and he will be subjected to potentially conflicting rulings by the courts in each of those cases.

Defendant's Franco's ability to pursue his claims in the companion action would be largely frustrated if such action were held in abeyance or dismissed while this action were tried either in this Court or in the Superior Court.  Rule 71A is designed for use in condemnation actions with an accelerated pretrial and trial procedure where the principal issue generally is the amount of just compensation for the taking.  Although defendant Franco can raise as defenses the unconstitutional nature of the taking, he cannot as a practical matter really litigate those defenses. He will not be able to conduct the requisite lengthy discovery that would be required, and, he cannot recover affirmative relief, whether it be damages or injunctive relief, or even amend his answer.  Rule 71A is geared for an expeditious handling of the condemnation case.  It is not intended for use in an action where, as here, extensive discovery will be required.   Thus, the companion action also pending before this Court is the only action in which defendant, there plaintiff, Franco will have a reasonable opportunity to try and prove his claims.

Another substantial consideration is that there is an inherent disadvantage to an individual plaintiff who is "fighting City Hall" to protect his federal §1983 rights, and seeks to overturn unconstitutional public legislation and restrain an unlawful public program that has certain strong community support  in the local state court.  Such a plaintiff needs and deserves as level a battleground as he can obtain.  In this case and in the companion case, this Court offers far greater assurance to Franco that his interests will be protected in this litigation than the Superior

Court can offer.

None of the foregoing considerations requires or even permits abstention in this action. For the reasons stated, and given that "only truly exceptional circumstances will allow a federal court to stay or dismiss a federal action in favor of a concurrent action before a state court", Handy, *supra.*, at 353 (citations omitted), this Court should not abstain in this action.

## CONCLUSION

For all the foregoing reasons, plaintiff's motion to remand should be denied.

## HEARING REQUESTED

Defendant Franco requests an oral hearing on plaintiff's motion, and, if the Court so requires, an evidentiary hearing on the jurisdictional issues involved on this motion.

Dated: September 16, 2005                    Respectfully submitted,

                                              ____/s/_____
                                              Ralph Werner
                                              D.C. Bar No. 88161
                                              1020 Nineteenth Street, N.W.,
                                              Suite 400
                                              Washington, D.C. 20036
                                              (202) 331-8940
                                              (202) 331-8943 (Fax)
                                              Attorney for Defendant Samuel N. Franco

CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand was served by first class mail, postage prepaid, this 16th day of September, 2005 on Barbara Liester, Vice-President, PNC Bank, N.A., successor to defendant National Bank of Washington, 1919 Pennsylvania Avenue, NW, Washington, DC 20006.

                                                ____/s/_____
                                                Ralph Werner