UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL CAPITAL
REVITALIZATION CORPORATION,
        Plaintiff,   :  Civil No. 1:05cv01603 (RMU)

v.

0.03 ACRES OF LAND IN
THE DISTRICT OF COLUMBIA
(2838 Alabama Avenue, S.E.),
and SAMUEL N. FRANCO,
and NATIONAL BANK OF
WASHINGTON, and UNKNOWN
OWNERS,
        Defendants.

### AFFIDAVIT OF SAMUEL N. FRANCO

District of Columbia, ss:

I, Samuel N. Franco, depose and state as follows:

1. I am one of the named defendants in the above captioned action and make this affidavit on personal knowledge.

2. I am the sole owner of the real property (the "Property") that is the subject of this action, and I have owned this property continuously since March, 1985.

3. Neither the National Bank of Washington ("NBW") named as a defendant in this action, nor any successor in interest to said bank, nor any other person or entity held a lien on the Property at the commencement of this action or holds such a lien as of the date of this affidavit.

4. On September 29, 1988, D Mart, Inc., a company in which I am the sole shareholder and the president, and which conducts a discount store business on the Property, obtained a $150,000 line of credit from NBW. The line of credit was evidenced by a written promissory

note and was secured by "all accounts receivable, inventory, equipment, fixtures, and general intangibles as more fully described in a security agreement dated 9/28/88". A copy of the promissory note is attached as Exhibit 1.

5. Subsequently, D Mart, Inc. drew $100,000 on the NBW line of credit for the benefit of a separate entity owned and controlled by two of my brothers, Brentwood Limited Partnership.

6. In May, 1994, the Federal Deposit Insurance Corporation ("FDIC"), as receiver of NBW, entered into a settlement agreement with Brentwood Limited Partnership and my two brothers each of whom had separately obtained loans from NBW, and with D Mart, Inc. regarding repayment of their three loans from NBW. As part of that settlement agreement, FDIC, as receiver of NBW, released NBW's security interest in D Mart's property, and executed a Form UCC-3 statement in which it terminated the security interest NBW held against D Mart, Inc. under the 1988 promissory note. Attached is a copy of the UCC-3 termination statement. (Exhibit 2).

_____
Samuel N. Franco

Subscribed and sworn to before me, a Notary Public in and for the District of Columbia, this 14th day of September, 2005.

My commission expires:

CHRISTINA WOO
NOTARY PUBLIC
HOWARD COUNTY
MARYLAND
MY COMMISSION EXPIRES SEPT. 1, 2008

_____

Chevy Chase Bank
Kemp Mill Branch
Branch # 10
1327 Lamberton Drive
Silver Spring MD 20902

D. MART, INC.      01
18-6540920-2   50047
RENEWED FROM: 50039
18-6540920-2


**THE NATIONAL BANK OF WASHINGTON**

(For Bank reference only)
**COMMERCIAL LINE OF CREDIT**
☒ Variable Rate  /CAS B00
☐ Fixed Rate
☒ Secured  Partially   /%  69200
☐ Unsecured
☒ Guarantor(s)/Endorser(s)

$ 150,000.00

Washington, D.C.
September 29, 19 88

## MASTER PROMISSORY NOTE

FOR VALUE RECEIVED, D. Mart, Inc. hereinafter called "Maker", promises to pay to the order of THE NATIONAL BANK OF WASHINGTON, hereinafter called "Bank", the principal sum of One Hundred and Fifty Thousand Dollars ($ 150,000.00 ), together with interest from the date hereof on the unpaid balance at the rate as hereinafter provided at the offices of the Bank or such other address as Bank may designate by written notice to Maker.

**INTEREST:** The aforesaid sum shall bear interest at the following rate:

☒ At the Bank's floating prime rate plus ...1/2... % on the unpaid principal balance from time to time outstanding hereunder until paid.

☐ .......... percent per annum until paid.

☐ Other: ..........

Interest in any case is computed on the basis of a 360 day year and of the actual number of days elapsed. Changes in the prime rate will be effective as of the date the prime rate changes. All payments hereunder shall be made in lawful money of the United States of America, without offset.

**REPAYMENT:** The principal sum and interest shall be paid by Maker to Bank on demand. Until such time as demand shall be made, Maker will repay the obligation as follows:
   Interest only as billed by the bank payable monthly.

The Maker shall be liable for only so much of the above principal amount as shall be equal to the total of the amounts advanced to or for the Maker by the Bank from time to time less all payments made by or for the Maker and applied by the Bank to principal and for interest on each such advance as shown on Bank's books and records which shall be prima facie evidence of the amount owed. Each borrowing and repayment hereunder shall be in an amount of less than $..........

**COLLATERAL:** To secure the performance of this and all other obligations of Maker to Bank of Maker or any other parties to this Note, whether now existing or hereafter incurred, Maker grants to Bank a security interest in the collateral described below, complete with all present and future attachments, accessories and replacements of appurtenants thereof and all additions thereto or substitutions therefor, together with any and all other property of Maker whether in the form of securities, cash or otherwise, now or hereafter in the possession of Bank, and in any insurance policies thereon, and the proceeds of all the foregoing with authority to collect, sell, transfer and re-hypothecate:

   All accounts receivable, inventory, equipment, fixtures, and general intangibles
   as more fully described in a security agreement dated 9/29/88.

In case the market value of the Collateral or any part thereof shall suffer any decline, Maker agrees, upon demand of the Bank, to deliver to and pledge with the Bank additional securities or collateral or to make payments sufficient to correct the decline in market value or cure any deficiency in the value as represented to the Bank.

(over)

FC 242                                                                                          (7)

EXHIBIT 1

**LATE CHARGE:** If any payment hereunder is not paid when due and continues unpaid for a period of ten (10) days thereafter, Maker agrees to pay to Bank or any other holder hereof, in addition to all amounts of principal and interest, a late charge of 2% per annum in excess of the interest rate described herein, computed on the unpaid principal balance, or such lesser late charge as may be required by law. The date of imposition of this late charge shall relate back to the due date and the late charge shall be assessed monthly until any delinquency is cured.

**REMEDIES:** Upon the demand for payment hereunder, Bank shall have all rights and remedies provided under all applicable law and shall be deemed to have exercised the same immediately upon the occurrence of any such event without notice or future action, irrespective of when any record of the same may thereafter be entered on the Bank's books. Bank may set off against all other obligations of Maker to Bank all money owed by Bank in any capacity to Maker; and Bank shall be deemed to have exercised such right of set off and to have made a charge against any such money immediately upon the occurrence of such default even though such charge is made or entered on the books of Bank subsequent thereto.

Bank shall not be required to resort to any particular security or persons to enforce payment and Bank shall not be subject to any marshalling requirements or equities among the person(s) designated by Maker or among any other persons who may be liable on this note or other obligations as endorsers, sureties, guarantors or otherwise.

No waiver of any default hereunder shall be construed as a waiver of any subsequent default, and Maker waives any benefit which might be accorded by the applicable Statute of Limitations as a result of any extensions granted by Bank, and the exercise of any right hereunder shall not waive the right to exercise such right thereafter. Maker agrees that, in addition to the principal sum with interest as above provided, Bank shall be entitled to recover fifteen (15%) percent of the unpaid balance of principal and interest additionally as attorney fees, and with costs of suit, should suit be instituted to collect this note, subject to applicable law.

**MISCELLANEOUS:** Presentment for payment or acceptance, demand and protest, and notice of dishonor or payment of acceptance, notice of protest and notice of any renewal, extensions, modification or change of time, manner, place or terms of payment are hereby waived by Maker or any endorsers, sureties, and guarantors. Any notice to Maker shall be sufficiently served for all purposes if placed in the mail addressed to, or left upon the premises at the address of Maker shown on the Bank's records. Bank may surrender this note to any person paying the final installment or payment due hereunder, and may endorse or assign it to such person or his order without recourse.

D Mart, Inc.

By: _Samuel N. Franco_, President

ATTEST:
SEAL

Witness

Witness

................................................... (SEAL)

................................................... (SEAL)

**ENDORSEMENT:** Payment of the within note, whether due by acceleration or otherwise, is irrevocably and unconditionally guaranteed, together with interest thereon and all late charges, attorneys' fees, costs and expenses of collection incurred by the Bank in enforcing any of such liabilities.

Witness  Pay to the Order of
Federal Reserve Bank of Richmond
by The National Bank of Washington
Witness   Washington, DC

................................................... (SEAL)

................................................... (SEAL)

By: ...................................................

ATTEST:
SEAL

(8)

# UNIFORM COMMERCIAL CODE – STANDARD FORM
## STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC. – FORM UCC-3

RECORDER FROM
Registré, Inc.
514 PIERCE ST.
P.O. BOX 218
ANOKA, MN. 55303
(612)-421-1713

**DISTRICT OF COLUMBIA**

INSTRUCTIONS:
1. PLEASE TYPE this form. Fold only along perforation for mailing.
2. Remove Secured Party and Debtor copies and send other 3 copies with interleaved carbon paper to the filing officer.
3. Enclose filing fee(s), and fill in original Financing Statement number and date filed.
4. If the space provided for any item(s) on the form is inadequate the item(s) should be continued on additional sheets, preferably 5" x 8" or 8" x 10". Only one copy of such additional sheets need be presented to the filing officer within a set of three copies of Form UCC-3. Long schedules of collateral, etc., may be on any size paper that is convenient for the secured party. Indicate the number of additional sheets attached.
5. If collateral is crops or goods which are or are to become fixtures, describe generally the real estate and give name of record owner.
6. At the time of filing, filing officer will return third copy as an acknowledgement.

This STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code.

3. Maturity date (if any):

| 1. Debtor(s) (Last Name First) and address(es) | 2. Secured Party(ies) and address(es) | For Filing Officer (Date, Time and Filing Office) |
|---|---|---|
| D Mart, Inc.<br>2834 Alabama Ave., S.E.<br>Washington, DC 20020 | FDIC as Receiver of The National Bank of Washington<br>9525 W. Bryn Mawr<br>Rosemont, IL 60018 | |

4. This statement refers to original Financing Statement bearing File No. **L08462**
Filed with **DC Recorder of Deeds**  Date Filed **10-24** 19 **88**

5. ☐ Continuation.  The original financing statement between the foregoing Debtor and Secured Party, bearing file number shown above, is still effective.
6. ☒ Termination.  Secured party no longer claims a security interest under the financing statement bearing file number shown above.
7. ☐ Assignment.  The secured party's right under the financing statement bearing file number shown above to the property described in Item 10 have been assigned to the assignee whose name and address appears in Item 10.
8. ☐ Amendment.  Financing Statement bearing file number shown above is amended as set forth in Item 10.
9. ☐ Release.  Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10.

No. of additional Sheets presented:

FDIC as Receiver of The National Bank of Washington

By: _____
Signature(s) of Debtor(s) (necessary only if Item 8 is applicable).

By: _____
Signature(s) of Secured Party(ies)
425700199953-1

(1) Filing Officer Copy – Alphabetical     STANDARD FORM - FORM UCC-3

⑥

EXHIBIT 2