IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CAPITAL REVITALIZATION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>0.03 ACRES OF LAND IN THE DISTRICT OF COLUMBIA (2838 ALABAMA AVENUE, S.E.) and SAMUEL N. FRANCO and NATIONAL BANK OF WASHINGTON and UNKNOWN OWNERS,<br><br>Defendants. | Civil Action No. 1:05cv01603 (RMU) |

**REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff National Capital Revitalization Corporation ("NCRC"), by and through its undersigned counsel, hereby submits its reply memorandum in support of its motion to remand this action to the Superior Court of the District of Columbia.

Nothing stated by Defendant Franco in his Opposition refutes the three separate reasons justifying the Court's remand of this action: (1) Defendant Franco waived his ability to remove by voluntarily requesting the Superior Court to exercise its jurisdiction over this action, (2) Defendant Franco failed to obtain the required consent from all defendants prior to removing the action, and (3) even if it otherwise has jurisdiction, this Court should abstain from exercising such jurisdiction given the dominance of local issues in the case.

I.  **Defendant Franco Waived His Right To Remove This Action By Voluntarily Filing His Counterclaims.**

It is well established that voluntarily filing counterclaims in a state court proceeding invokes the state court's jurisdiction and waives the defendant's right to remove to federal court. Knudsen v. Samuels, 715 F. Supp. 1505, 1506 (D. Kan. 1989); In the Matter of the Application of Harris, 560 F. Supp. 940, 942 (S.D.N.Y. 1983).

While Defendant Franco attempts to distinguish his counterclaims from those discussed in the controlling case law, his argument is unpersuasive. The triggering factor as to whether the filing of counterclaims is enough to waive the defendant's right to remove is not whether the counterclaim is permissive or compulsory, but whether the counterclaim or other pleading was filed voluntarily. See Baldwin v. Perdue, Inc., 451 F. Supp. 373, 375-6 (E.D. Va. 1978) (a voluntarily filed cross-claim against the plaintiff waived the defendant's right to remove). As occurred in the Baldwin case, here, Defendant Franco "affirmatively, by [his] own voluntary act, submitted to the jurisdiction of the [court], thereby waiving its right to removal." Id. at 375.

Defendant Franco attempts to dance around his voluntarily filing by contending that he was compelled to file his counterclaims under Rule 13 as compulsory counterclaims. (Opposition at 1-2.) Even if Defendant's counterclaims were technically compulsory, however, they fall under a Rule 13 exception that provides an option for not filing the counterclaims, a fact that even Defendant Franco concedes. (Id. at 4 (recognizing that the counterclaims "did not have to be pled by virtue of Rule 13(a)(1)")). As such, Defendant Franco's filing of the counterclaims along with his answer was voluntary whether they were compulsory counterclaims or not.

Defendant Franco further contends that his filing of the counterclaims should be overlooked and not deemed a waiver of his right to remove because his attorney's action was caused by a lapse in memory or a mistake. (Opposition at 2.) Mistake, inadvertence or lapse in

memory, however, is not an excuse for overlooking a waiver. Instead, a defendant may inadvertently waive his right of removal by taking action in the state court that is deemed to constitute a submission to the state court's jurisdiction. Foley v. Allied Interstate Inc., 312 F. Supp. 2d 1279, 1284 (C.D. Cal. 2004).

Finally, the fact that Defendant Franco's counterclaims are futile and impermissible under Rule 71A does not change this analysisDefendant Franco's filing of the counterclaims evidences his intent to invoke the Superior Court's jurisdiction and had the effect of doing the same. By filing his counterclaims before removing this action, Defendant Franco voluntarily waived his right to remove the case to this Court – regardless of whether NCRC is successful in defeating them.

II.   **All Parties With Interests In The Property Are Proper Defendants Which Should Be Considered In Assessing Jurisdiction.**

Defendant Franco contends that this Court should ignore his failure to secure Defendant PNC Bank's consent to the removal because Defendant PNC Bank is a nominal defendant. (Opposition at 4-8.) This argument is also without merit.

It is well established that "[a]ll persons having any interest in the property should be made by parties defendant in a condemnation action. Whether their interest be legal or equitable, they are entitled to be heard and, if their claims are sustained, to share in the proceeds." 12 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3045 (3d ed. 1998). As such, the general rule – that a stakeholder is a nominal defendant who should not be considered in assessing remand issues – makes no sense in a condemnation action under Rule 71A. If a party has an interest in the property and would be entitled to some portion of the just compensation, it is to be named as a defendant to the action and thus should be considered in assessing remand issues. See Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871-72

(5th Cir. 1991) (noting that a party is not nominal if in its absence a court cannot "enter judgment with equity and good conscience") (citation omitted).

Defendant Franco retorts that he does not believe that PNC Bank or its predecessor, National Bank of Washington, has an interest in the property. The basis for this conclusion is Defendant Franco's search of the property records and a letter from PNC Bank that to date it has not located a record of a loan on the property. (Opposition at 4-7.) NCRC's search of the records, however, reflects a different finding. Prior to filing suit, NCRC had a title report prepared with respect to the property at issue. According to that title report, PNC Bank's predecessor, the National Bank of Washington, continues to hold a lien in the amount of $45,000 on the property. A true and accurate copy of this title report is attached hereto as Exhibit A.

The fact that PNC Bank wrote a letter stating that, to date, it has not identified the loan in the files it took over from National Bank of Washington is not determinative. PNC Bank did not renounce its rights in the Superior Court before Defendant Franco removed this action, and, under the governing rule, "at the trial of the issue of just compensation, whether or not the defendant has previously appeared or answered, the defendant may present evidence as to the amount of the compensation to be paid for the property, and the defendant may share in the distribution of the award." Rule 71A(e).[1] Thus, regardless of what PNC Bank's letter now says, without a formal renunciation of its rights before Defendant Franco removed, this Court must assess PNC Bank's citizenship when it assesses jurisdiction. As the record currently stands, PNC Bank could still participate in the trial and be entitled to payment of its portion of the proceeds.

Defendant Franco's suggestion that this Court should hold an evidentiary hearing as to whether Defendant PNC Bank should be a defendant in this action is without merit. The whole

---

[1] This text of Rule 71A(e) reads the same in the Federal and District of Columbia Rules of Civil Procedure.

4

point of the trial in a condemnation action is to award just compensation and to sort out the respective portions of money due the defendants. To conduct a preliminary evidentiary hearing on this same issue in order to assess whether this Court can retain jurisdiction would be a waste of judicial resources.

### III. The Court Should Abstain From Exercising Jurisdiction Over This Matter.

Defendant Franco makes the only arguments that he can in an attempt to convince this Court that it should not abstain from exercising jurisdiction over this action – that this case is dominated by federal questions such that the Burford abstention doctrine should not be applied and that the five factors do not necessitate abstention under Colorado River. These arguments, however, are insufficient to justify maintaining jurisdiction over this matter.

The local flair of this case is exactly what the Burford doctrine seeks to keep out of the federal courts.[2] Although Defendant Franco contends that his challenges to the local laws authorizing this action "will not disrupt or interfere with the District's effort to formulate local land use policy or to administer its land use program," that is precisely what Defendant Franco seeks to do. (Opposition at 9). NCRC is condemning several parcels in the District of Columbia for purposes of the Skyland Project. The condemnation is expressly authorized by District of Columbia law. NCRC intends to take property pursuant to that law and has commenced action in Superior Court to determine how much the property owners are due as just compensation for that taking. Defendant Franco has raises defenses and counterclaims questioning, *inter alia*, whether the Council violated the D.C. Home Rule Act. There can be no doubt that this action is dominated by issues of local law and warrants abstention under Burford. See Dano Resource Recovery, Inc. v. District of Columbia, Civil Action No. 91-571 SSH at *6-7 (D.D.C. June 30,

---

[2] The fact that the District of Columbia Circuit has not yet been presented with a case that it thought justified a Burford abstention does not mean that this is not such a case. (Cf. Opposition at 8-9.)

1992) (concluding that abstention appropriate on claims that local laws violated the D.C. Home Rule Act).[3]

Defendant Franco's application of the Colorado River factors in his favor are similarly disingenuous. (Opposition at 11-14). The fact that Defendant Franco improperly filed a preemptory suit in this Court does not justify prohibiting what is truly a local action from proceeding in the Superior Court where it should be best decided. The motion pending in the first action should be granted, and that action should be dismissed. The primary issue in this case is not federal in nature but what compensation is due for the taking. Remanding this case will not lead to piecemeal litigation; rather, all litigation relating to this taking should proceed in the Superior Court.

Defendant Franco's contention that issues of local law are not central to this case is similarly curious. His defense to this action is that the taking is improper as it violates local statutory authority and is unconstitutional. Whether NCRC's actions are proper is a question for the local courts to assess. The fact that Defendant Franco believes that those challenges to local laws could be resolved through legislation is irrelevant. They are his defenses and thus are in play in this litigation.

Finally, there can be no doubt that the Superior Court has the proper procedures in place to adequately protect Defendant Franco's interests. Defendant Franco's understanding that he is entitled to extensive discovery and motions practice here that he cannot get from the Superior Court is sorely incorrect. Wherever this case proceeds, under Rule 71A, there will not be an extensive discovery or motions practice. See Rule 71A(e) (noting that, other than the answer,

---

[3] The case law Defendant Franco cites is not to the contrary. In fact, the case of New Orleans Public Service, Inc. v. Council of the City of New Orleans, 491 U.S. 350 (1989), makes clear that, where an action is based predominately on issues of local law, the action should be decided by the local courts. Id. at 362 (noting that abstention is proper where federal and state claims are intertwined).

"[n]o other pleading or motion asserting any additional defense or objection shall be allowed"). The sole issues relate to what is the just compensation for the taking. Whichever court decides this case, discovery will relate to the issue of just compensation, and the motions practice will be minimal.

Given that this case is dominated by issues of local law which the Superior Court is very able to handle, this Court should abstain from exercising any jurisdiction that it may have.

## CONCLUSION

For the foregoing reasons and for those reasons set forth in NCRC's opening Motion to Remand, Plaintiff NCRC requests this Court to remand the action to the Superior Court of the District of Columbia.

Dated: October 3, 2005                    Respectfully submitted,

                                          HOLLAND & KNIGHT LLP

                                          By: _____
                                              Paul J. Kiernan, D.C. Bar No. 385627
                                              Lynn E. Calkins, D.C. Bar No. 445854
                                              2099 Pennsylvania Avenue, N.W.
                                              Suite 100
                                              Washington, D.C. 20006
                                              Phone: (202) 955-3000
                                              Facsimile: (202) 955-5564

                                          *Counsel for The National Capital
                                              Revitalization Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served by first class mail, postage prepared on this 3rd day of October, 2005 upon:

> PNC Bank National Association
> c/o Barbara S. Liester
> 1919 Pennsylvania Avenue, N.W.
> Washington, D.C. 20006

_____
Lynn E. Calkins

# 3251146_v1