**EXHIBIT A**

Answer Title
10 G Street, NE, Suite 410 ▪ Washington, DC 20002
Phone (202) 204-0600 ▪ (202) 204-0610

## TITLE REPORT

Dated: 5/25/05

| Client: **NCRC** | | File #: | **AT05-0043** | Good Through Date: **03/31/05** | |
|---|---|---|---|---|---|
| Borrower(s): | **N/A** | | | | |
| Property Address | **2838 ALABAMA AV SE** | | Square: **PAR** | Suffix: **214** | Lot: **88** |

Legal Description:

**Part of a tract of land known as "CHICHESTER", described in two parcels as follows:**

### PARCEL I

**BEGINNING for the same at a point in the northerly line of Alabama Avenue, as condemned and taken by proceedings in District Court Case No. 1920 in the District Court of the United States for the District of Columbia, distant 96.73 feet westerly from the westerly line of the land conveyed to the District of Columbia by Deed recorded in Liber No.1406 at Folio 54, among the Land Records of the District of Columbia, said point being also the southwesterly corner of the land conveyed to Emma Tudge by Deed recorded in Liber No. 6429 at folio 39 among the said Land Records and running thence westerly along the line of said Avenue 18.41 feet to the westerly line of the land conveyed to Julius Thurm by Deed recorded in Liber No. 2084 at folio 274 among said Land Records; thence northwesterly along said Thurm's westerly line to a point opposite and distant 18.40 feet from the northwesterly corner of said Tudge's conveyance; thence northeasterly 18.40 feet to said Tudge's northwesterly corner; thence southeasterly along said Tudge's westerly line to the place of beginning.**

### PARCEL II

**BEGINNING for the same at a point in the northerly line of Alabama Avenue, as condemned and taken by proceedings in District Court Case No. 1920 in the District Court of the United States for the District of Columbia, distant 115.14 feet westerly from the westerly line of the land conveyed to the District of Columbia by Deed recorded in Liber No.1406 at Folio 54, among the Land Records of the District of Columbia, said point being also at the intersection of the line of said avenue with the westerly line of the land conveyed to Julius Thurm by Deed recorded in Liber No. 2084 at folio 274 among said Land Records and running thence westerly along the line of said avenue 6.60 feet; thence northwesterly to a point opposite and distant 6.60 feet from said Thurm's northwesterly corner; thence northeasterly 6.60 feet to said corner; thence southeasterly along said Thurm's westerly line to the place of beginning.**

**NOTE: At the date hereof the above described land is designated on the Records of the Assessor of the District of Columbia as Parcel 241/88.**

### DEED INFORMATION

| Current Owner:<br>*(Grantee)* | **Samuel N. Franco** | | | | | |
|---|---|---|---|---|---|---|
| Grantor | **Amie J. Wolfe, widowed and unremarried, surviving Joint Tenant of John P. Wolfe, deceased** | | | | | |

| T/E ☐ | | T/C ☐ | | J/T ☐ | S/O ☐ | Not Stated ☒ | Other ☐ |
|---|---|---|---|---|---|---|---|
| F/S ☐ | NS ☐ | LH ☐ | Amt: | | | Due Dates & | |
| Deed Reference: | **Instrument No. 15093 rec'd 4/25/85** | | | | | | |
| Consideration | | | | | | | |

### TAX INFORMATION

Answer Title

| 1ˢᵗ half | **2005** | Paid ☒ | Delinquent ☐ | Amount Due:        $0.00 Good Through:      **5/25/05** |
| 2ⁿᵈ half | **2005** | Paid ☐ | Delinquent ☐ | Amount Due:      Not due yet Good Through: |

| Was Property Sold At Tax Sale?  Yes ☐  No ☒ | Water/Sewer:  Paid ☐  Due ☐ |

| Property in Tax Sale? | Amount to Redeem | Past Due Years |
| Yes ☐  No ☒ | | |

Tax ID:  **PAR 0214 0088**

### MORTGAGE / DEED OF TRUST

| Secured Party: | **The National Bank of Washington** |
| Trustees: | **National Savings and Trust Company** |
| Signed by: | **Samuel N. Franco** |

Loan Amount: **$45,000.**        Dated: **8/27/85**        Recorded: **9/20/85**

| Liber | Folio | Instrument | Open Ended |
| | | **34889** | |

Assigned:

| Liber | Folio | Instrument | Open Ended |
| | | | |

### JUDGMENTS

Names:

No open Judgments ☒    Clear to Individuals ☐    See Below ☐    See Attached ☐    To Follow ☐

| Plaintiff: | |
| Case: | |
| Defendants: | |
| Case No: | |

| Dated | Recorded | Attorney | Contact |
| | | | |

Comments:

### LIENS

| Secured Party: | **None Found** |
| Collateral: | |

| Liber | Folio | Instrument | Dated | Recorded | Amount |
| | | | | | |

Notes

### MISCELLANEOUS

Notes

Answer Title

# CHAIN OF TITLE

File Number:   **AT05-0043**
Address:   **2838 ALABAMA AV SE**
Current owner:   **Samuel N. Franco**
Deed reference:   **Instrument No. 15093 rec'd 4/25/85**

████████████████████████████████████████

Type:   *Deed of Trust*
Grantee:   **National Savings and Trust Company, trustee**

Grantor:   **Samuel N. Franco**

Instrument No.:   **#34889**
Date acquired:   **9/20/85**
Date sold:
NOTE:

Type:   *Deed*
Grantee:   **Samuel N. Franco**

Grantor:   **Amie J. Wolfe, widowed and unremarried, surviving Joint Tenant of John F. Wolfe, deceased**

Instrument No.:   **#15093**
Date acquired:   **4/25/85**
Date sold:
NOTE:

Type:   *Release*
Grantee:   **John F. Wolfe and his wife Amie J. Wolfe, T/E**

Grantor:   **Union Trust Company, trustee**

Instrument No.:   **#49634 in Liber 9600 at folio 554**
Date acquired:
Date sold:
NOTE:   **Deed of Trust #9150  rec'd 3/8/48**

Type:   *Deed of Trust*
Grantee:   **Union Trust Company, trustee**

Grantor:   **John F. Wolfe and his wife Amie J. Wolfe, T/E**

Instrument No.:   **#9150 in Liber 8697 at folio 445**
Date acquired:   **3/8/48**
Date sold:
NOTE:   **Released 11/26/51 #49634**

Answer Title

Type:    *Release*

Grantee:    **Bertha Marks**

Grantor:    **Adelbert W. Lee**

Instrument No.:    **#29532 in Liber 7277 at folio 262**
Date acquired:    **10/12/38**
Date sold:
NOTE:    Exclusive 6 months sales agreement dated 7/16/36 at Liber 7023 folio 462

Type:    *Deed*

Grantee:    **John F. Wolfe and his wife Amie T. Wolfe, J/T**

Grantor:    **Bertha Marks, devisee under the last will and testament of Emile Thurm**

Instrument No.:    **#29531 in Liber 7277 at folio 263**
Date acquired:    **10/12/38**
Date sold:    **4/25/85**
NOTE:

**Total pages attached: 7**

1 2 0 0 0 0 0 2 1 8

**THE NATIONAL BANK OF WASHINGTON**

## DEED OF TRUST

THIS DEED OF TRUST is made this ............ 27th ............ day of ............ August ............ 19 85 , among the Grantor, ...Samuel.N..Franco... (herein "Borrower"), ...National.Savings.and Trust........................................ (herein "Trustee"), and the Beneficiary, The.National.Bank.of.Washington............................................, a corporation organized and existing under the laws of ...the.United.States.of.America..........................., and whose address is ..4340.Connecticut.Ave..NW..Washington,.DC...20008..................... ........................................................................................ (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in ............... the.District.of.Columbia..................... ; Part of a tract of land known as "Chichester" described in two parcels as follows: Parcel 1: Beginning at a point in the northerly line of Alabama Avenue taken in District Court case No. 1920 distant 96.73 feet westerly from the westerly line of land conveyed to the District of Columbia by Deed recorded in Liber 1406 at folio 54 the said point being also the southwesterly corner of the land conveyed to Emma Tudge by Deed recorded in Liber No.6429 at folio 39; thence westerly along the line of said Avenue 18.41 feet to the westerlyline of the land conveyed to Julius Thurm by Deed recorded in Liber No. 2084 at folio 274; thence northwesterly along the said Thurms westerly line to a point opposite and distant 18.40 feet from the northwesterly corner of the said Tudge's conveyance; thence northeasterly 18.40 feet to the said Tudge's northwesterly corner; thence southeasterly along the said westerly line to the place of beginning. \*\*\* which has the address of ...................

............... 2838.Alabama.Avenue.(Street) SE. Washington, DC 20020 .....................

.......................................... (herein "Property Address"); ............... .. [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated ..August.27th, 1985 ............................ and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ ..45,000.00................................, with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on ....September.1st,.1990 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

3. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

1 2 2 0 0 0 0 0 2 1 5

**4. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**5. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 5, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 5 shall require Lender to incur any expense or take any action hereunder.

**6. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**9. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 14 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**10. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**11. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, ''costs'', ''expenses'' and 'attorneys' fees'' include all sums to the extent not prohibited by applicable law or limited herein.

**12. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**13. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**14. Transfer of the Property.** (not applicable on Maryland property) If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, or (c) the grant

of any leasehold interest of three years or less not containing an option to purchase, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

If Lender, on the basis of any information obtained regarding the transferee, reasonably determines that Lender's security may be impaired, or that there is an unacceptable likelihood of a breach of any covenant or agreement in this Deed of Trust, or if the required information is not submitted, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 10 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 15 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

15. Acceleration; Remedies. Except as provided in paragraph 14 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 10 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 15, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall send written notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall give notice of sale by such public advertisement as Trustee shall deem proper to protect the interests of Borrower and Lender. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including but not limited to, Trustee's fees of ..................% of the gross sale price, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

16. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 15 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

17. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 15 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. Release. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall surrender all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall release this Deed of Trust without charge to Borrower. Borrower shall pay all costs of recordation, if any.

19. **Substitute Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by recording a Deed of Appointment. Without conveyance of the Property, the successor trustee shall succeed to all title, power and duties conferred upon the Trustee herein and by applicable law.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed the Deed of Trust.

_____
Samuel N. Franco    —Borrower

_____
—Borrower

ss:

I, _____, a Notary Public in and for the said _____ do hereby certify that _____ Samuel N. Franco _____ personally known to me as the person(s) who executed the foregoing instrument bearing date of _____ day of _____, 19__, personally appeared before me in said _____ and acknowledged said instrument to be _____ act and deed, and that he executed said instrument for the purposes therein contained.

WITNESS my hand and official seal this _____ day of _____ April _____, 19__.

Commission Expires Sept 30, 19__    _____ (Seal)
Notary Public

HAROLD BARDONILLE
RECORDER OF DEEDS
WASHINGTON D.C.

34889

#### (Complete this Certification if the property is located in Maryland)

ss:

I Hereby Certify, That on this _____ day of _____, 19____, before me, the subscriber, a Notary Public of the State of _____ and for the _____, personally appeared _____, the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth and that the amount of the loan secured by the foregoing Deed of Trust was disbursed by the party or parties secured to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time no later than the execution and delivery by the Borrower of this Deed of Trust; and made oath that he is the agent of the party or parties secured and is duly authorized to make this affidavit.

AS WITNESS: my hand and notarial seal,

My Commission expires: _____
Notary Public

_____ (Space Below This Line Reserved For Lender and Recorder) _____

***Parcel II: BEGINNING at a point in the northerly line of Alabama Avenue taken in District Court Case No. 1920 distant 115.14 feet westerly from the westerly line of the land conveyed to the District of Columbia by Deed recorded in Liber no. 1406 at folio 54. said point being also at intersection of a line of the said Avenue with the westerly line of the land conveyed to Julius Thurm by Deed recorded in Liber no. 2084 at folio 274 running; thence westerly along the line from Thurms northwesterly corner; thence northeasterly 6.60 feet to said corner; thence southeasterly along the said Thurms westerly line to the place of beginning.

NOTE: At the date hereof the above described land is designated on the Records of the Assessor of the District of Columbia for taxation and assessment purposes as Parcel 214/88.

Return to: National Bank of Washington
4340 South Capitol Street, SE
Washington, D.C. 20032



Natwar M. Gandhi – Chief Financial Officer
Daniel Black – Deputy Chief Financial Officer
Government of the District of Columbia

REAL PROPERTY TAX BILL
Office of Tax and Revenue
P.O. Box 98095 • Washington, DC 20090-8095

| Square | Suffix | Lot | Property Address | Mrtg. No. | Assessment | Tax Rate/$100 | Annual Tax |
|--------|--------|------|------------------|-----------|------------|---------------|------------|
| PAR | 0214 | 0088 | 2838 ALABAMA AV SE | 0 | 123,530 | 1.85 | 2,285.30 |

Notice Number: 2221850050301

Amount Enclosed: $ | | | , | | | | , | | | | . | | |

#BYNQJCXZ
#0120 0214 0088 RPT0#
SAMUEL N FRANCO
2834 ALABAMA AVE SE
WASHINGTON, DC  20020-3004

For Official Use Only: | | | | | | |

| PAYMENT DUE BY: | Mar 31, 2005 | AMOUNT DUE: | 1,142.65 |
|---|---|---|---|

5 PAR 02140088 051233316 0000114265

--------------PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT--------------

### Tax Year 2005 is October 1, 2004 thru September 30, 2005 Class 002

Notice Number: 2221850050301

| Square | Suffix | Lot | Property Address | Mrtg. No. | Assessment | Tax Rate/$100 | Annual Tax |
|--------|--------|------|------------------|-----------|------------|---------------|------------|
| PAR | 0214 | 0088 | 2838 ALABAMA AV SE | 0 | 123,530 | 1.85 | 2,285.30 |

| DESCRIPTION | TAX | PENALTY | INTEREST | PAYMENT | TOTAL |
|-------------|-----|---------|----------|---------|-------|
| 2005 First Half | 1,142.65 | | | | 1,142.65 |
| | | | | | |
| Total | | | | | 1,142.65 |

**Additional Information**

- TO PAY YOUR TAX IN PERSON, YOU MUST PAY YOUR TAX BILL AT ANY WACHOVIA BANK IN WASHINGTON, DC.

- 45% OF YOUR TAX YEAR 2005 REAL PROPERTY TAX IS USED TO PAY THE GENERAL OBLIGATION BONDS DEBT SERVICE REQUIREMENT.

**TAXPAYER'S RECORD**

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

FP-177 (REV. 12/04)

| Payment Due By: | Mar 31, 2005 | Amount Due: | 1,142.65 |
|---|---|---|---|
| Payment Due By: | Apr 30, 2005 | Amount Due: | 1,274.06 |
| Payment Due By: | May 31, 2005 | Amount Due: | 1,291.20 |

#394,745-LLD  CERTIF
1 of 1

DO

# This Deed

*Made this* 25th *day of* March *, 19* 85 *, by and between*

AMIE J. WOLFE, Widowed and unremarried, surviving joint tenant of
John F. Wolfe, deceased,

*part* y *of the first part, and*

SAMUEL H. FRANCO

*part* y *of the second part;*

*Witnesseth,* that for and in consideration of the sum of Ten Dollars ($10.00), the said part y
of the first part do es grant unto the said part y of the second part, in fee simple,

*the following described land and premises, with the improvements, easements and appurtenances there-
unto belonging, situate in the District of Columbia, namely:*

## D E S C R I P T I O N

Parcel: 214/88 described the following:
Part of a tract of land known as "CHICHESTER", described in two parcels as follows:

### PARCEL I

BEGINNING for the same at a point in the northerly line of Alabama Avenue, as
condemned and taken by proceedings in District Court Case No. 1920 in the District
Court of the United States for the District of Columbia, distant 96.73 feet
westerly from the westerly line of the land conveyed to the District of Columbia by
Deed recorded in Liber No. 1406 at folio 54, among the Land Records of the District
of Columbia, said point being also the southwesterly corner of the land conveyed to
Emma Tudge by Deed recorded in Liber No. 6429 at folio 39 among the said Land
Records and running thence westerly along the line of said Avenue 18.41 feet to the
westerly line of the land conveyed to Julius Thurm by Deed recorded in Liber No.
2084 at folio 274 among said Land Records; thence northwesterly along said Thurm's
westerly line to a point opposite and distant 18.40 feet from the northwesterly
corner of said Tudge's conveyance; thence northeasterly 18.40 feet to said Tudge's
northwesterly corner; thence southeasterly along said Tudge's westerly line to the
place of beginning;

### PARCEL II

BEGINNING for the same at a point in the northerly line of Alabama Avenue as
condemned and taken by proceedings in District Court Case No. 1920 in the District
Court of the United States for the District of Columbia, distant 115.14 feet
westerly from the westerly line of the land conveyed to the District of Columbia by
Deed recorded in Liber No. 1406 at folio 54, among the Land Records of the District
of Columbia, said point being also at the intersection of the line of said avenue
with the westerly line of the land conveyed to Julius Thurm by Deed recorded in
Liber No. 2084 at folio 274 among said Land Records and running thence westerly
along the line of said avenue 6.60 feet; thence northwesterly to a point opposite
and distant 6.60 feet from said Thurm's northwesterly corner; thence northeasterly
6.60 feet to said corner; thence southeasterly along said Thurm's westerly line to
the place of beginning.

NOTE: At the date hereof the above described land is designated on the Records of
the Assessor of the District of Columbia as Parcel 214/88,

**And** the said part y of the first part do as hereby covenant to warrant specially the property hereby conveyed, and to execute such further assurances of said land as may be requisite

**Witness** her hand and seal on the day and year first hereinbefore written, Signed, sealed and delivered in presence of,

.................................   .................................   _Amie J. Wolfe_   (SEAL)
                                                                      Amie J. Wolfe

.................................   .................................................................   (SEAL)

.................................   .................................................................   (SEAL)

.................................   .................................................................   (SEAL)

STATE OF VIRGINIA          } to wit:
CITY OF CHARLOTTESVILLE

I, Helen E. Holley                       , a Notary Public in and for the said
state and city              do hereby certify that   Amie J. Wolfe

part y  to a certain Deed bearing date on the  25th day of        March        A.D. 1985  and
hereto annexed, personally appeared before me in the said    jurisdiction         , the said
           Amie J. Wolfe
being personally known to me as the person(s) who executed the said Deed and acknowledged the same
to be     her    act and deed,

GIVEN under my hand and official seal this 25th day of     March        A.D. 1985    ,

.................................   _Helen E. Holley_
                                    Notary Public

NOTARY SEAL.

My Commission Expires:  11/9/85

AFTER RECORDING PLEASE RETURN TO:
Samuel N. Franco
2038 Alabama Avenue, S.E.
Washington, D.C.  20020

D-5

9 5 0 0 0 0 0 0 0 0 5