UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL CAPITAL : 
REVITALIZATION CORP. :
 :
       Plaintiff, :
 :
 : Civil Action No.: 05-1603 (RMU)
     v. :
 : Document No.: 4
SAMUEL N. FRANCO *et al.*, :
 :
       Defendants. :

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S MOTION TO REMAND

### I. INTRODUCTION

This matter comes before the court on plaintiff National Capital Revitalization Corporation's ("NCRC") motion to remand this case to the Superior Court of the District of Columbia ("Superior Court") pursuant to 28 U.S.C. § 1447(c). Defendants Samuel N. Franco and National Bank of Washington contend that this court has original jurisdiction over the instant case pursuant to 28 U.S.C. § 1332 and that they properly removed the case to this court pursuant to 28 U.S.C. § 1446. Conversely, the plaintiff claims that the defendants waived their right to remove this case to federal court by bringing counterclaims in the Superior Court prior to filing a notice of removal. The plaintiff, therefore, asks the court to remand the case to the Superior Court. Because the defendants took substantial action in the Superior Court prior to filing a notice of removal, the court grants the plaintiff's motion to remand this case to the Superior Court.

## II.   BACKGROUND

On July 8, 2005, the plaintiff, an independent instrumentality of the District of Columbia ("D.C."), filed a condemnation action in the Superior Court against a 0.03 acre parcel of land in D.C. in which the defendants hold property interest. Compl. ¶¶ 2-4. This action is a part of "The Skyland Project," an economic development plan designed to serve the public purpose of eliminating "the current blighted, hazardous, and distressed conditions that exist" on the property in question and the neighboring area. *Id*. ¶¶ 13-14. The plaintiff claims to bring this action after unsuccessful negotiations for the purchase of the property. *Id*. ¶¶ 16-19. If successful, the plaintiff will "consolidate the property with other parcels for retail and related development." *Id*. ¶ 12.

On August 8, 2005, the defendants filed an answer which responded to the plaintiff's complaint and included six counterclaims alleging violations of the U.S. Constitution and D.C. laws. Defs.' Ans. ¶¶ 24-114. Specifically, the defendants claim that the local legislation authorizing the plaintiff to condemn the property violates constitutional due process and the takings clause of the Fifth Amendment. *Id*. ¶¶ 17-18. The defendants further claim that the plaintiff's condemnation action violates D.C. Code § 1-204.04 and applicable Rules of the Council and that the legislation authorizing the plaintiff's action violates D.C. Code § 1-204.12 and applicable Rules of the Council. *Id*. ¶¶ 19-22.

Subsequently, on August 11, 2005, the defendants filed a notice of removal from the Superior Court to this court. Defs.' Not. of Removal. On August 31, 2005, the plaintiff filed a motion to remand on several grounds. Pl.'s Mot. to Remand at 3-4. The court now turns to that motion.

### III.   ANALYSIS

#### A.   Legal Standard for Remand of a Removed Case

Federal courts are courts of limited jurisdiction and, therefore, the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). According to the removal statute, a defendant may properly remove to federal court an action brought in a state court when original subject-matter jurisdiction exists in the form of diversity. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $75,000.00 per plaintiff, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Additionally, a defendant may properly remove to federal court an action brought in a state court when the federal court enjoys original subject matter jurisdiction, that is, a claim arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); *Hardin-Wright v. Dist. of Columbia Water and Sewer Auth.*, 350 F. Supp. 2d 102, 104 (D.D.C. 2005) (citations omitted). "If, however, state law creates the cause of action, the court must determine whether the adjudication of those state law claims requires resolution of a substantial question of federal law, [] because the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 104-05 (internal quotation marks and citations omitted) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Franchise Tax. Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)). "[F]ederal courts have fashioned a two-pronged test in order to determine if a state cause of

3

action can provide the basis for federal removal jurisdiction. The removing party must show (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Int'l Union of Bricklayers and Allied Craftworkers v. Ins. Co. of the W.*, 366 F. Supp. 2d 33, 37-38 (D.D.C. 2005) (internal citations and quotation marks omitted); *see generally Merrell Dow*, 478 U.S. 804.

Courts must strictly construe removal statutes. *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). The court must resolve any ambiguities concerning the propriety of removal in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002). When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction. *Kokkonen*, 511 U.S. at 377; *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985).

If a defect in removal procedures or lack of subject-matter jurisdiction becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case. 28 U.S.C. § 1447(c). In the event that the federal court lacks subject-matter jurisdiction, remand is mandatory. *Republic of Venez. v. Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *Johnson-Brown v. 2200 M St. LLC,* 257 F. Supp. 2d 175, 177-78 (D.D.C. 2003).

When the face of the complaint reveals a federal question, defendants desiring removal must express their unanimous consent to a notice of removal within 30 days of service of the complaint. 28 U.S.C. § 1441 (2005); *see also Franchise Tax Bd. of Cal.*, 463 U.S. at 8-11

(explaining the right to removal when a case arises under federal law). If the defendants fail to do so, and a plaintiff moves for remand, then the federal court must remand the case to the state court unless the plaintiff has waived the entitlement to remand by proceeding with the merits of the case. 28 U.S.C. § 1447(c); *Williams*, 984 F. Supp. at 29; *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996); *Fidelity & Deposit Co. of Md. v. Burden*, 53 F.2d 381, 381 (2d Cir. 1931); *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). For example, a plaintiff might waive the right to a remand by supplementing a complaint, litigating a summary judgment motion, or engaging in a trial. *Id.* In contrast, merely engaging in offensive or defensive litigation (such as limited discovery) especially when the plaintiff has already filed a motion for remand, does not forfeit the right to a remand. *Medlin*, 113 F.R.D. at 652-55.

### B. The Court Grants the Plaintiff's Motion to Remand

As discussed, a defendant may seek to transfer a case from state court to federal court if the federal court in that jurisdiction has original subject-matter jurisdiction in the form of diversity. 28 U.S.C. § 1441(a); *Caterpillar, Inc.*, 482 U.S. at 392. If a case is removed to federal court, a plaintiff may subsequently move to remand the case back to the original state court. 28 U.S.C. § 1447(c). Here, the plaintiff seeks to remand the case from this court to the Superior Court on the grounds that the defendants waived their right to remove the case to federal court prior to filing a notice of removal. Pl.'s Mot. to Remand at 3-4. Conversely, the defendants argue that their actions in the Superior Court did not constitute a waiver. Defs.' Opp'n. at 1-4. The court now turns to the issue of waiving the right to remove a case.

### 1.     The Defendants Waived the Right to Remove

Just as a plaintiff in a federal case may waive the right to remand a case, *Koehnen*, 89 F.3d at 528, a state court defendant may similarly waive the right to remove a case to federal court. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, 365 F.3d 1244, 1246 (11th Cir. 2004). For example, a waiver may occur if a defendant takes "some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court, such as asserting a counterclaim." *Id*. at 1246 (citing 14B FED. PRAC. & PROC. § 3721). A waiver does not occur, however, "when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court or a judge thereof." *Id*.

Certain notices and jurisdictional discovery do not constitute substantial action waiving the right to remove. *Lapoint v. Mid-Atlantic Settlement Servs.*, 256 F. Supp. 2d 1, 3 (D.D.C. 2003). In addition, actions such as filing a motion to dismiss or responsive pleadings do not constitute waiver absent a suggested intent to make affirmative use of state court processes. *Somoano v. Ryder Sys., Inc.*, 985 F. Supp. 1476 (S.D. Fla. 1998); *Bradigan v. Local 153*, 879 F. Supp. 7 (D.C.N.Y. 1995). Indeed, a waiver of removal must be clear and unequivocal. *Beighley v. Fed. Deposit Ins. Corp.*, 868 F.2d 776 (5th Cir. 1989); *Labry v. IRS*, 940 F. Supp. 148 (E.D. La. 1996). Substantial actions indicating a waiver of the right to remove are those which go beyond preliminary and nonconclusive matters to "actually submit the merits of the claim for a binding decision," *Gore v. Stenson*, 616 F. Supp. 895, 897 (S.D. Tex. 1984), or those that serve to "litigat[e] the substance" of a claim, *Lapoint*, 256 F. Supp. 2d at 3. This court, for example, has previously determined that filing a motion for summary judgment is a substantial action that

effectuates a waiver. *Lapoint*, 256 F. Supp. 2d at 3 (explaining that a trial or a motion for summary judgment is a waiver whereas filing a related-case notice or engaging in jurisdictional discovery is not a waiver). Put differently, a defendant may waive his right to remove a case to federal court by taking an action which indicates an intent to submit the merits of the claim to the state court for final judgment.

In considering the matter of waiver, the court must consider the defendant's actions within the context of the litigation. *Yusefzadeh*, 365 F.3d at 1246 (quoting *Hill v. State Farm Mutual Auto. Ins.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)) (stating that making a determination of waiver based on active participation in the state court must be done on a case-by-case basis). In the instant case, rather than merely responding to the plaintiff's complaint or seeking to resolve matters of jurisdiction, the defendants' answer brought counterclaims before the Superior Court. Defs.' Ans. ¶¶ 24-114. Indeed, the defendants filed multiple counterclaims based on the United States Constitution, alleging due process and Fifth Amendment violations, as well as challenging the District of Columbia Skyland Permanent Act on the grounds that it is unconstitutionally vague and ambiguous. *Id*. ¶¶ 24-93. In addition, the defendants claim that the plaintiff has violated the D.C. Home Rules Act and D.C. Council Rules. *Id*. ¶¶ 93-114.

In this case, the court determines that the defendants' counterclaims brought before the Superior Court acted to present the substance of the litigation before that court for consideration and constituted substantial action. *Merchants' Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 286, 289 (1907) (stating that in filing a counterclaim, the defendant becomes a plaintiff and submits to the jurisdiction of that court). Therefore, having engaged in substantial action in the Superior Court, the defendants waived their right to remove the case to federal court.

*Yusefzadeh*, 365 F.3d at 1246 (citing 14B FED. PRAC. & PROC. § 3721) (explaining that engaging in substantial offensive action indicates a willingness to litigate the matter in state court and effectuates a waiver of the right to remove the case to federal court).  By bringing counterclaims, the defendants presented additional causes of action to the Superior Court and asked that court to defend their rights, Defs.' Ans. ¶¶ 24-114, thereby indicating to this court that the defendants intended to litigate the matters before the Superior Court prior to filing a notice of removal. *Merchants' Heat & Light Co.*, 204 U.S. at 289.

### 2.    The Defendants' Counterclaims Were Voluntary

The defendants concede that the counterclaims are permissive and would ordinarily waive the right to remove.  Defs.' Opp'n at 3.  The defendants postulate, however, that the court should not conclude that the counterclaims were a waiver because they were not "voluntary."  *Id*. at 1-4.  The defendants assert that the counterclaims were "involuntary" because the defendants' counsel filed the counterclaims out of a mistaken belief that they were compulsory and therefore required by the rules of the court.  *Id.* at 2.  The defendants are correct in asserting that compulsory counterclaims are not characterized as substantial action sufficient to waive the right to remove. *Yusefzadeh*, 365 F.3d at 1246 (citing 14B FED. PRAC. & PROC. § 3721) (asserting that actions which are dictated by the rules of the court do not waive the right to remove).  Here, however, because the counterclaims were permissive in nature, they constituted a waiver.  *Yusefzadeh*, 365 F.3d at 1246.

The defendants argue that because the counterclaims were filed due to the defense counsel's error, the court should consider the counterclaims to be "involuntary" and not a waiver of the right to remove.  Defs.' Opp'n at 2.  The court reminds the defendants and their counsel

8

that inadvertent actions are not necessarily involuntary, and even accidents may engender legal consequences. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (stating that a litigant may not "avoid the consequences of the acts or omissions of [his] freely selected agent"). Indeed, the defense counsel's unfortunate lack of familiarity with the rules of the court is not a valid basis for the court's refusal to remand the case. *Id*. Regardless of the party's motivation, bringing counterclaims expresses an intent to litigate the matter in the forum in which they are brought. *Merchants' Heat & Light Co.*, 204 U.S. at 290 (stating that in filing a counterclaim, the defendant becomes a plaintiff and submits to the jurisdiction of that court).

Accordingly, the court concludes that the defendants' filing of counterclaims in the Superior Court constituted substantial action and waived the defendants' right to remove this case to federal court. The court, therefore, grants the plaintiff's motion to remand this case to the Superior Court pursuant to 28 U.S.C. § 1447(c). Because the court determines that the defendants waived the right to remove this case to federal court, this court need not address the other arguments raised by the parties.

### III. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to remand. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of November 2005.

RICARDO M. URBINA
United States District Judge